# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| MATTHEW PETREVITCH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| PHILIPS RS NORTH AMERICA, | § | |
| LLC, PHILIPS HEALTHCARE | § | CIVIL ACTION NO.  **CV422-122** |
| INFORMATICS, INC., PHILIPS | § | |
| NORTH AMERICA LLC f/k/a/ | § | |
| RESPIRONICS, INC., and | § | |
| KONINKLIJKE PHILIPS N.V., | § | |
| | § | |
| *Defendants*. | § | |

## NOTICE OF REMOVAL

Defendants Philips North America LLC ("Philips North America"), Philips

RS North America LLC ("Philips RS"), and Philips Healthcare Informatics, Inc.

("Philips Informatics"), (collectively, "Philips" or "Defendants")[1] hereby provide

notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of the removal of the above-

captioned case from the State Court for Effingham County, State of Georgia, in

which it is now pending at Case No. STCV2022000080 (the "Underlying Action"),

---

[1] As of the filing of this Notice, Koninklijke Philips N.V. has not been served with the Complaint in this action.  Koninklijke Philips N.V. is a Dutch multinational company with its principal place of business in Amsterdam, Netherlands, and therefore is diverse from Plaintiff.  Plaintiff admits diversity.  Ex. A, ¶ 17.

to the United States District Court for the Southern District of Georgia, Savannah Division, and state as follows:

## I.   INTRODUCTION

1.     On April 11, 2022, Plaintiff Matthew Petrevitch ("Plaintiff") filed a complaint in the State Court for Effingham County, State of Georgia, Case No. STCV2022000080 (the "Complaint"), attached as **Exhibit A, Complaint**.

2.     Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders served to date upon the Defendants, including the Complaint, are attached.

3.     No other pleadings have been served on Defendants in this litigation.

4.     By filing a Notice of Removal, Defendants do not waive their right to object to service of process, the sufficiency of process, jurisdiction over the parties, or venue, and Defendants specifically reserve their right to assert any defenses and objections to which they are entitled.

## II.   FACTUAL BACKGROUND

5.     Plaintiff alleges that Defendants manufacture and sell Continuous Positive Airway Pressure ("CPAP") and Bilevel Positive Airway Pressure ("BiPAP") medical devices, as well as ventilator devices.  Ex. A, ¶¶ 1, 28.

6.     Plaintiff alleges that on June 14, 2021, Philips RS issued a recall notification for many of its CPAP, BiPAP, and ventilator devices, due to

potential health risks related to the alleged degradation of polyester-based polyurethane ("PE-PUR") sound abatement foam used in the affected devices. *Id.* ¶¶ 3, 35.

7.    Plaintiff alleges the degradation of the PE-PUR foam may cause the affected devices to off-gas certain chemicals, which may pose health risks to users—such as headache, asthma, irritation, inflammation, hypersensitivity, respiratory issues, possible toxic and carcinogenic effects—which can result in serious or life threatening injuries and impairment.  *Id.* ¶¶ 6, 12, 35-40.

8.    Plaintiff alleges he purchased one of the recalled products, a Philips "System One" REMstar Pro with C-Flex+ CPAP machine (the "Device"), in or around 2011 and used the Device until June 2020.[2] *Id.* ¶¶ 14, 50.

9.    Plaintiff alleges that, in mid-2020, he began to experience a persistent cough and shortness of breath while performing everyday activities, that he first sought treatment for this condition in or around June 2021, and that two months later he was diagnosed with "chronic fibrosing interstitial pneumonia."  *Id.* ¶¶ 51-53.

10.    Plaintiff also alleges he has been diagnosed with lung disease and has suffered from pulmonary fibrosis, bronchiectasis, honeycombing of the

___

[2] Plaintiff alleges that he stopped using the Device after learning of the "June, 2020 recall."  *Id.* However, as noted, the recall did not occur until June 2021.

lungs, irritation of the respiratory tract, hypersensitivity reaction, inflammatory response as a result of using the Device.  *Id*. ¶¶ 14, 53-55, 58.

11.    Plaintiff further alleges he has incurred substantial economic and non-economic harms as a result of these injuries, including serious mental and physical pain and suffering, economic loss, past and future medical expenses, permanent and continuous injuries, the need for lifelong medical treatment and monitoring, and that he has lost the ability to live a normal life and will continue to suffer these injuries in the future.  *Id*. ¶¶ 56, 78, 92, 148-49, 160-61, 187-88, 216, 222, 235, 241, 249, 256-57, 260.

12.    Plaintiff's Complaint includes claims for strict products liability in design defect, *id*. ¶¶ 65-78, failure to warn, *id*. ¶¶ 79-92, and manufacturing defect, *id*. ¶¶ 93-103, negligent products liability in design defect, *id*. ¶¶ 104-13, failure to warn, *id*. ¶¶ 114-25, and negligent manufacturing, *id*. ¶¶ 126-35, as well as negligence/gross negligence, *id*. ¶¶ 136-49, negligent misrepresentation, *id*. ¶¶ 150-61, breach of express warranty, *id*. ¶¶ 162-79, breach of implied warranty of merchantability, *id*. ¶¶ 179-88, unjust enrichment, *id*. ¶¶ 189-94, violations of the Georgia Fair Business Practices Act, *id*. ¶¶ 195-204, fraud, *id*. ¶¶ 205-16, fraudulent misrepresentation, *id*. ¶¶ 217-23, fraudulent concealment, *id*. ¶¶ 224-35, fraud by omission, *id*. ¶¶ 236-42, civil conspiracy, *id*. ¶¶ 243-49, and medical monitoring, *id*. ¶¶ 250-60.

13.     Plaintiff seeks to recover compensatory damages for his injuries, economic losses, pain and suffering, medical monitoring damages, and pre- and post-judgment interest.  *Id*. at 50.

14.     Plaintiff also demands punitive and treble damages.  *Id.* ¶¶ 261-69, 125, 135, 204.

### III.   NOTICE OF REMOVAL IS TIMELY

15.     Pursuant to 28 U.S.C. § 1446(b)(2)(B), "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to file its notice of removal.

16.     Philips RS North America LLC was served by certified mail on April 15, 2022. **Exhibit C, Notice of Service of Process, Philips RS North America LLC.**

17.     Philips Informatics was served by certified mail on April 15, 2022. **Exhibit D, Notice of Service of Process, Philips Healthcare Informatics, Inc.**

18.     No other Defendant has been served to date upon information and belief and thus this notice is timely because it has been filed before thirty days from service.

19.     Additionally, this notice is timely because it is filed within one year after commencement of the action pursuant to 28 U.S.C. § 1446(c)(1).

## IV.   GROUNDS FOR REMOVAL

20.    Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

21.    Furthermore, this court has original subject-matter jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, because this is a civil action between citizens of different states and the amount in controversy plainly exceeds $75,000.

   a.   There is complete diversity among the parties.

22.    Diversity jurisdiction "require[s] complete diversity of citizenship," i.e., "the citizenship of each plaintiff" must be "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Accordingly, diversity jurisdiction requires complete diversity; that is, where no defendant holds citizenship in the same state where any plaintiff holds citizenship. *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001), *certified question answered sub nom. Tillman v. R.J. Reynolds Tobacco Co.*, 871 So. 2d 28 (Ala. 2003).

23.    The general rule is that diversity is determined at the time of removal, not at the time the injuries were suffered. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007); *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019).

i.   Plaintiff is a Georgia citizen.

24.   An individual is a citizen of the state in which he or she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

25.   Plaintiff states that he is a citizen and "long-time resident of Guyton, Georgia." Ex. A, ¶¶ 16, 49.

26.   Therefore, Plaintiff is a citizen of Georgia.

ii.   Defendant Philips RS is a citizen of Massachusetts and Delaware.

27.   Philips RS is a Delaware limited liability company with its principal place of business located in Pennsylvania.  **Exhibit D, Philips RS North America LLC Corporate Records & Business Registrations.**

28.   As a limited liability company, however, Philips RS is a citizen of the states where its members are citizens for purposes of diversity jurisdiction. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

29.   Philips RS is wholly owned by a single member, Philips RS North America Holding Corporation, a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, MA 02141.  **Exhibit E, Philips RS North America Holding Corporation Corporate Records & Business Registrations.**

7

30.    For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

31.    Accordingly, because Philips RS North America Holding Corporation is a citizen of both Delaware and Massachusetts, Philips RS also is a citizen of both Delaware and Massachusetts. Therefore, Philips RS is diverse from Plaintiff.

iii.   <u>Defendant Philips North America is a citizen of Delaware and Massachusetts.</u>

32.    Philips North America is a Delaware limited liability company with its principal place of business in Massachusetts, and is wholly owned by a single member, Philips Holding, a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, MA 02141.  **Exhibit F, Philips North America LLC Corporate Records & Business Registrations; Exhibit G, Philips Holding USA Inc. Corporate Records & Business Registrations.**

33.    Accordingly, because Philips Holding is a citizen of both Delaware and Massachusetts, Philips North America also is a citizen of both Delaware and Massachusetts. *See Purchasing Power*, 851 F.3d 1218 at 1220 (explaining that LLC is a citizen of the state where its members are citizens); 28 U.S.C. § 1332(c)(1) (explaining that a corporation is a citizen of both the state where it is incorporated

and the state where it has its principal place of business).  Therefore, Philips North America is diverse from Plaintiff.

> iv.  Defendant Philips Healthcare Informatics, Inc. is a citizen of Delaware and California.

34.    Philips Healthcare Informatics Inc. is a Delaware company with its principal place of business in California.  **Exhibit G, Philips Healthcare Informatics Inc. Corporate Records & Business Registrations.**

35.    Accordingly, because Philips Informatics is a citizen of both Delaware and California, Philips Informatics is diverse from Plaintiff.  *See* 28 U.S.C. § 1332(c)(1) (explaining that a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business).

> v.  There is complete diversity between the parties.

36.    Thus, based on the foregoing, there is complete diversity between the parties.

| Plaintiff | Defendants |
|---|---|
| Matthew Petrevitch (GA) | Philips North America (DE/MA)<br>Philips RS (DE/MA)<br>Philips Informatics (DE/CA) |

> b.  The amount-in-controversy requirement is satisfied.

37.    There plainly is more than $75,000 in controversy.  *See* 28 U.S.C. § 1332(a).

i.  Plaintiff demands more than $75,000 in damages.

38.    "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Fox v. Ritz-Carlton Hotel Co., L.L.C.*, 977 F.3d 1039, 1045 (11th Cir. 2020); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

39.    "In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought.  Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy." *Roe*, 613 F.3d at 1061 (citations omitted).

40.    "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Id*. at 1061-62.  "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id*. at 1062.

41.    Given the nature and extent of Plaintiff's alleged injuries, the amount in controversy plainly exceeds the jurisdictional threshold. *See Williams*

10

*v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("When a complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."); *see also Roe*, 613 F.3d at 1064-67 (affirming district court's holding that the amount-in-controversy requirement was satisfied for removal when determined based on the allegations in the complaint).

42. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see Anderson v. Wilco Life Ins. Co*., 943 F.3d 917, 925 (11th Cir. 2019); *Goldsmith v. Travelers Indem. Co. of Am*., No. 8:21-CV-2659-CEH-AAS, 2021 WL 6884585, at *1 (M.D. Fla. Dec. 22, 2021); *Roberts v. Hatcher*, No. 3:21CV82-MCR-EMT, 2021 WL 2025902, at *2 (N.D. Fla. May 21, 2021).

43. Plaintiff alleges he was diagnosed with lung disease and has suffered from pulmonary fibrosis, bronchiectasis, honeycombing of the lungs, irritation of the respiratory tract, hypersensitivity reaction, and inflammatory response from using the Device.  Ex. A, ¶¶ 14, 53-55, 58.

44. Plaintiff alleges he has incurred and will continue to incur substantial economic and non-economic harms as a result of these injuries, including serious mental and physical pain and suffering, past and future medical

expenses, permanent and continuous injuries, the need for lifelong medical treatment and monitoring, and lost ability to live a normal life. *Id*. ¶¶ 56, 78, 92, 148-49, 160-61, 187-88, 216, 222, 235, 241, 249, 256-57, 260.

45.    Plaintiff seeks compensatory damages for economic losses, pain and suffering, medical monitoring costs, and pre- and post-judgment interest. *Id*. at 50.

46.    Plaintiff also demands punitive damages, *id*. ¶¶ 261-69, and treble damages, *id*. ¶¶ 125, 135, 204.

47.    Defendants deny any liability to Plaintiff; however, the nature of the case (a medical device products liability action), the harm alleged (personal injuries, lung disease, cancer risks, past and future medical expenses), and the nature of the damages requested (past and future compensatory damages, pain and suffering damages, treble damages, and punitive damages) put far more than $75,000 in controversy.

48.    In *Purdiman v. Organon Pharmaceuticals USA, Inc.*, plaintiffs brought a medical device products liability suit.  No. 2:08-CV-0006-RWS, 2008 WL 686996, at *1 (N.D. Ga. Mar. 12, 2008).  The court held it was apparent from the factual allegations that controversy in this action exceeded $75,000 because plaintiff allegedly sustained permanent and debilitating injuries, underwent

medical treatment and monitoring, suffered pain and suffering, and must undergo future medical testing, treatment, and monitoring. *Id.* at *2.

49.    Plaintiff in the Underlying Action also brings a medical products liability case under similar causes of action and with similar allegations.

50.    Similarly, in *Fowles v. TJX Companies, Inc*., the court concluded plaintiff's allegations of personal injury, disability, and pain that will persist and require ongoing medical care satisfied the amount in controversy requirement. No. 4:21-CV-00198-CDL, 2022 WL 188134, at *2 (M.D. Ga. Jan. 20, 2022) ("Those damages are not specified with a dollar amount in the Complaint, which is not unusual given that the law authorizes juries to measure such damages using their enlightened consciences.").

51.    Plaintiff in the Underlying Action also alleges permanent injuries that will persist into the future, and demands compensatory damages related to past medical expenses, future medical expenses, and pain and suffering.[3]

---

[3] *See also Peters v. Wal-Mart Stores E., L.P.*, No. 1:13-CV-76 WLS, 2013 WL 4647379, at *2 (M.D. Ga. Aug. 29, 2013) (holding amount in controversy was satisfied where plaintiff alleged severe injuries, future medical expenses, pain and suffering, and permanent bodily injuries); *Painter v. Sixt Rent A Car, LLC*, No. 1:20-CV-1494-LMM, 2020 WL 6106625, at *2 (N.D. Ga. June 17, 2020) (holding that amount in controversy was satisfied where plaintiff sought actual and compensatory damages for her medical expenses, pain and suffering, emotional distress, attorney's fees, and punitive damages). Other courts are in agreement. *See Smith v. Wyeth Inc.*, 488 F. Supp. 2d 625, 630 (W.D. Ky. May 11, 2007) (denying remand and finding that allegations "likely amount to claims in excess of $75,000" where plaintiff sought to recover for a permanent injury, as well as pain and suffering, punitive damages, and past and future medical expenses); *Milter v. Wright Med. Grp., Inc.*, 11-CV-11353, 2011 WL 4360024, at *3 (E.D. Mich. Sept. 19, 2011) (denying

52.     Accordingly, given the similarities to the injuries and damages alleged in the Underlying Action, the amount in controversy easily is satisfied.

53.     Additionally, Plaintiff seeks punitive damages, which may be used to establish the amount-in-controversy requirement for diversity jurisdiction. *Odelia v. Alderwoods (Georgia), LLC*, 823 F. App'x 742, 745 (11th Cir. 2020) ("In making its determination, the district court can consider a claim of punitive damages as well."); *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered.").

54.     Finally, when a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees.  *Cohen v. Off. Depot, Inc*., 204 F.3d 1069, 1079 (11th Cir. 2000).  The Georgia Fair Business Practices Act, under which Plaintiff brings a cause of action, provides that attorneys' fees and expenses are recoverable.  Ga. Code § 10-1-399(d).  Therefore, Plaintiff's demand for attorneys' fees and costs must also be considered in the amount in controversy.

---

remand and finding "no doubt" that plaintiff's alleged injuries "more likely than not" exceeded $75,000 where plaintiff required eye revision surgery, hospitalization, among other injuries and damages); *Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Ala. 2013) (noting generally that product liability actions routinely result in verdicts in excess of $75,000).

55.    Therefore, it is facially apparent that the amount-in-controversy requirement is satisfied.

## V.    VENUE

56.    This lawsuit may be removed to the United States District Court for the Southern District of Georgia, Savannah Division, pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

57.    The United States District Court for the Southern District of Georgia, Savannah Division, is the federal judicial district encompassing the State Court for Effingham County, State of Georgia, where this suit was originally filed.  28 U.S.C. § 90(c)(3).

58.    On October 8, 2021, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order, consolidating related class action cases and individual personal injury cases such as this matter into a multidistrict litigation (MDL 3014) and ordering their transfer to the Western District of Pennsylvania, before the Honorable Joy Flowers Conti (the "MDL"), for coordinated or consolidated pretrial proceedings.  **Exhibit I, Transfer Order.**

59.    It is anticipated that this case will be transferred to the MDL following removal.

## VI.   CONSENT

60.    Each Defendant that has been properly joined and served consents to removal as required by 28 U.S.C. § 1446(b)(2).

## VII.   PROCEDURE

61.    Written notice of the filing of the Notice of Removal will promptly be served on all other parties to this action and a copy will be promptly filed with the State Court for Effingham County, State of Georgia, as required by 28 U.S.C. § 1446(d).

62.    Included with this Notice of Removal is the filing fee of $350 required by 28 U.S.C. § 1914.

## VIII.   CONCLUSION

Defendants respectfully remove this action from the State Court for Effingham County, State of Georgia, to the United States District Court for the Southern District of Georgia, Savannah Division.

Respectfully submitted,

**HALL BOOTH SMITH, P.C.**

/s/ Beth Boone_____

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS
LLP**
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:  +1.215.963.5000
Facsimile:   +1.215.963.5001
*john.lavelle@morganlewis.com*

*Of Counsel for Defendants Philips RS
North America LLC*

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA  90067-1725
Telephone:  +1.310.712.6670
Facsimile:   +1.310.712.8800
*steinbergm@sullcrom.com*

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY  10004-2498
Telephone:  +1.212.558.7375
Facsimile:   +1.212.558.3588
*monahanw@sullcrom.com*

Dated:  May 10, 2022

*Of Counsel for Defendant Philips North
America LLC and Philips Healthcare
Informatics, Inc.*

Beth Boone
3528 Darien Highway
Suite 300
Brunswick, GA 31525
Telephone:  912.554.0093
Facsimile:   912.554.1973
BBoone@hallboothsmith.com

*Counsel for Defendants Philips RS North
America LLC, Philips North America
LLC, and Philips Healthcare Informatics,
Inc.*

## **CERTIFICATE OF SERVICE**

I, Beth Boone, an attorney, certify that I filed the foregoing using the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record on this 10th day of May, 2022.

*/s/ Beth Boone_____*